BRINK and others, Appellants, v. INDUSTRIAL COMMISSION and others, Respondents.

*April 26—June 1, 1965.*

For the appellants there were briefs by *Goldberg, Previant & Uelmen* of Milwaukee, and oral argument by *Gerald A. Goldberg.*

For the respondent Industrial Commission there was a brief by *Arnold J. Spencer,* chief counsel of the unemployment compensation division, and *Max J. Peltin* of Madison, and oral argument by *Mr. Spencer.*

For the respondent Journal Company there was a brief by *Shea, Hoyt & Greene,* and oral argument by *Paul F. Meissner,* all of Milwaukee.

FAIRCHILD, J.   It was the employer's position before the commission that at the time of discharge it became obligated to each plaintiff for an amount of money, due and payable as soon as the computation could be made; that for purposes of plaintiffs' eligibility for unemployment compensation benefits, this amount represented wages which the employer could allocate, at the particular plaintiff's full weekly wage rate to the successive weeks immediately following the discharge (which occurred in week No. 29); and that the notice of discharge sufficiently apprised each plaintiff of such allocation to be due notice under the applicable portion of the Unemployment Compensation Act.   The commission found that the notice of discharge was insufficient notice of allocation, but that the notice given in week No. 34 was sufficient with respect to allocations to week No. 34 and subsequent weeks.   The employer has not challenged the commission's decision that there was insufficient notice with respect to allocations to weeks before No. 34.

Plaintiffs' principal argument is that the notice given in week No. 34 was insufficient, also, because it allocated the entire amount due among a number of weeks without separating the amount into its components, *i.e.,* dismissal pay, vacation pay, and pay in lieu of notice, and without specifying the particular weeks to which each type of pay was allocated.

There is no claim that the discharge was a breach of the collective-bargaining agreement, nor that it failed in any respect to terminate the relationship of employer and employee.   As we see it, nothing of the contractual relationship survived the discharge except the employer's obligation to pay each plaintiff an amount of money, ascertainable by

computation according to the contractual formulae, using the length of service and weekly wage rate of the particular plaintiff.

We find nothing in this collective-bargaining agreement, express or implied, which affects in any way the allocation of the vacation pay or dismissal pay to particular weeks after discharge. Such allocation has meaning in this case only because the Unemployment Compensation Act treats those payments as wages and the allocation of them to certain weeks affects eligibility for benefits in those weeks.

Sec. 108.05 (4) (b), Stats. 1961, provided:

"An employe's vacation pay shall, for benefit purposes, be treated as wages for a given week only if it has by the close of that week become definitely allocated and payable to the employe for that week and he has had due notice of such allocation and only if such pay (until fully assigned) is allocated at not less than the employe's approximate full weekly wage rate."

Sec. 108.05 (5), Stats. 1961, made virtually identical provisions with respect to allocation of "dismissal or termination pay." [1]

It may well be, as the employer argues, that under this collective-bargaining agreement the pay (labeled "vacation pay") which represented accrued but unenjoyed vacation credits and which became due upon discharge, was not "vacation pay" within the meaning of sec. 108.05 (4) (b), Stats., but was, for the purpose of the Unemployment Compensation Act, a form of termination pay under sec. 108.05 (5). But whether this be true or not, we can discern no express direction nor other reason requiring that allocation or notice of allocation of the "vacation pay" in these circumstances be separate from allocation and notice of allocation of termination pay.

---

[1] Ch. 145, Laws of 1963, amended both provisions and they are now identical in all matters of substance.

Decisions of this court which hold that when an employee is laid off and the employer desires to treat a week of layoff as a week of vacation, he must fulfill any contractual provisions which give the employee a right to a particular time for vacation [2] have no application to the allocation in this case.

Plaintiffs also argue that the collective-bargaining agreement implies that the two weeks' pay in lieu of notice was applicable to the two weeks during which the employer could have required plaintiffs to work after giving notice.[3] They also argue that the collective-bargaining agreement implies that the dismissal pay must relate to the weeks immediately following discharge [4] and therefore that double wages must be allocated to the first two weeks following discharge without notice. Assuming that this agreement implies anything with respect to allocation, it would appear equally logical that the pay in lieu of notice be applied to the first two weeks after discharge and that the dismissal pay be applied to the succeeding weeks. Here the employer attempted to allocate the aggregate amount due upon discharge (including all three types) to an unbroken series of weeks following the discharge. We see no reason under either the contract or the statute why the attempted allocation was improper. As decided by the commission it failed with respect to weeks prior to No. 34 only because the notice required by the statute was not given until that week.

[2] *Darling v. Industrial Comm.* (1958), 4 Wis. (2d) 345, 90 N. W. (2d) 597; *Danielson v. Industrial Comm.* (1958), 4 Wis. (2d) 367, 90 N. W. (2d) 608; *Cutler-Hammer, Inc., v. Industrial Comm.* (1961), 13 Wis. (2d) 618, 109 N. W. (2d) 468; *Oglebay Norton Co. v. Industrial Comm.* (1962), 15 Wis. (2d) 396, 113 N. W. (2d) 35.

[3] Plaintiffs cite *Kalen v. Director of Division of Employment Security* (1956), 334 Mass. 503, 136 N. E. (2d) 257, 258.

[4] Plaintiffs cite *Globe-Democrat Publishing Co. v. Industrial Comm.* (Mo. 1957), 301 S. W. (2d) 846, 852.

We need not consider, in this case, whether the employer could properly have made any allocation different from the one which it attempted.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.